UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Warren L Pearson, | ) C/A No. 4:08-3137-RBH-TER |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) Report and Recommendation |
| | ) |
| STBG Parole and Probation and Pardon Service; | ) |
| Spartanburg Detention Facility; | ) |
| William S. Hall, Cooper Parvillion; | ) |
| William Bryant, Columbia Care Center; | ) |
| Kirkland Corr. Institution R/E; | ) |
| Allendale Corr. Institution; | ) |
| Perry Corr. Institution; | ) |
| Public Defender's Office; | ) |
| Mr. Allen; | ) |
| Mr. Riddle; | ) |
| Richard Bazzle, Warden; | ) |
| Ms. Ogunsile, Institutional Committee Chairperson; | ) |
| Official and Officers that participated in overpunishment, | ) |
| | ) |
| Defendants. | ) |

This is a civil action filed *pro se*. Plaintiff has filed an Application to Proceed *In Forma Pauperis* in this case. (Entry 2). The case is presently before the undersigned magistrate judge for report and recommendation following pre-service review. *See* 28 U.S.C. § 1915(e)(2)(B); *In Re Prison Litigation Reform Act*, 105 F.3d 1131, 1134 (6th Cir. 1997)(pleadings by non-prisoners should also be screened).

This is the second case recently filed by this former prisoner. In the first case reviewed and addressed by the Court, *Pearson v. SCDC*, C/A No. 4:08-3138-RBH-TER, Plaintiff complained that he was erroneously classified for housing purposes when he was placed in the South Carolina Department of Corrections (SCDC) following his conviction of a probation violation charge from Spartanburg County. In the Complaint filed in the case under consideration in this Report, Plaintiff again asserts that his classification was incorrect, but he also raises claims about the conditions of his confinement such as allegedly forced mental health treatment and about the underlying validity of his probation revocation. He

names as Defendants two mental hospitals, four correctional institutions, a state agency, his public defenders, and two SCDC employees/officials who were allegedly involved in the inmate classification decision. He seeks damages and injunctive and declaratory relief from the named Defendants.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint filed by Plaintiff in this case. The review was conducted pursuant to 28 U.S.C. § 1915 (as amended), and other provisions in the Prison Litigation Reform Act. The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319 (1989); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

This Court is required to construe *pro se* complaints liberally. Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, _ U.S. _, 127 S. Ct. 2197 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of New York*, 529 F.2d 70, 74 (2d Cir. 1975). The requirement of liberal construction, however, does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't. of Social Servs.*, 901 F.2d 387 (4th Cir. 1990).[1] Even under this less stringent standard, the Complaint filed in this case is subject to summary dismissal pursuant to 28 U.S.C.

---

[1] The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999), or construct Plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

§ 1915(e)(2)(B)(ii).

To the extent that it seeks relief for alleged constitutional violations (false arrest, malicious prosecution, insufficient evidence to convict, ineffective assistance of counsel) in connection with his probation revocation proceeding, Plaintiff's Complaint is subject to summary dismissal as to all Defendants because it fails to state a claim on which relief may be granted and has no arguable basis in law. The United States Supreme Court has held that in order to recover any type of legal "relief" for imprisonment in violation of the constitution,[2] the underlying validity of the conviction and sentence that led to the imprisonment must first be successfully challenged. *See Heck v. Humphrey*, 512 U.S. 477 (1994). The *Heck* Court stated:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm whose unlawfulness would render a conviction or sentence invalid, . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

512 U.S. at 486-87; *see also Edwards v. Balisock*, 520 U.S. 641 (1997)(the preclusive rule of *Heck* extended to § 1983 claims challenging procedural deficiencies which necessarily imply the invalidity of the judgment.). The *Heck* rule has been held applicable not only to criminal convictions, but also to probation and/or parole violation proceedings such as those contested by Plaintiff in his Complaint. *McGrew v. Texas Bd. of Pardons & Paroles*, 47 F.3d 158, 161 (5th Cir. 1995)(action challenging validity of probation revocation proceedings calls into question fact of confinement and thus is subject to *Heck*); *accord Husketh v. Sills*, 34 Fed. Appx. 104, 105 n.2 (4th Cir. 2002)(unpublished, text available on in Westlaw)); *Gibbs v. S. C. Dept. of Probation, Parole, & Pardon Servs.*, 168 F.3d 481, *2 (4th Cir., Jan 12, 1999) (unpublished, text available on Westlaw)).

---

[2] *See Johnson v. Freeburn*, 29 Fed. Supp.2d 764, 772 (S.D. Mich. 1998)(under *Heck v. Humphrey*, nature of relief sought is not critical question; rather, it is the grounds for relief); *see also Clemente v. Allen*, 120 F.3d 703 (7th Cir. 1997)(injunctive relief sought).

Plaintiff's allegations of false arrest, malicious prosecution, ineffective assistance of counsel, and lack of sufficient evidence to support the probation revocation, if true, would invalidate that revocation conviction. However, Plaintiff does not allege that he successfully challenged his Spartanburg County probation revocation and got it overturned by way of appeal, post-conviction relief application, or habeas corpus action. As a result, under the ruling of *Heck*, Plaintiff cannot obtain damages or injunctive or declaratory relief from this Court against any Defendant based on that Defendant's participation in the prosecution of the subject probation-violation charge.[3]

Furthermore, to the extent that Plaintiff seeks damages or other relief pursuant to 42 U.S.C. § 1983,[4] from Defendants Spartanburg Detention Facility; William S. Hall [Hospital], Cooper Parvillion [sic]; William Bryant [Hospital], Columbia Care Center; Kirkland Correctional Institution R/E; Allendale Correctional Institution; Perry Correctional Institution; and/or "Official and Officers that participated in overpunishment" for federal constitutional violations that allegedly occurred during Plaintiff's incarceration and/or treatment in these facilities, the Complaint is subject to summary dismissal for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). In order to state a viable claim for relief

---

[3] Defendants to whom or which *Heck* applies to bar Plaintiff's claims in this case are: STBG Parole and Probation and Pardon Service; Public Defender's Office; Mr. Allen, and Mr. Riddle because these appear to be the only Defendants to whom Plaintiff attributes wrongdoing in connection with the probation revocation proceeding. Even in absence of the *Heck* bar, the public defenders are also not proper § 1983 defendants, *see infra* note 4, in this case because, as Plaintiff's criminal defense attorneys, their representation did not make them "state actors." *See Deas v. Potts*, 547 F.2d 800 (4th Cir. 1976)(private attorney); *Hall v. Quillen*, 631 F.2d 1154, 1155-56 (4th Cir. 1980)(court-appointed attorney); *Polk County v. Dodson*, 454 U.S. 312, 317-24 (1981)(public defender); *see also Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936 (1982)("Careful adherence to the 'state action' requirement . . . also avoids imposing on the State, its agencies or officials, responsibility for conduct for which they cannot fairly be blamed.").

[4] Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. *Jennings v. Davis*, 476 F.2d 1271 (8th Cir. 1973). The purpose of § 1983 is to deter state actors from using badge of their authority to deprive individuals of their *federally guaranteed* rights and to provide relief to victims if such deterrence fails. *McKnight v. Rees*, 88 F.3d 417(6th Cir. 1996)(emphasis added).

under § 1983, an aggrieved party must sufficiently allege that he or she was injured by "the deprivation of any [of his or her] rights, privileges, or immunities secured by the [United States] Constitution and laws" by a "person" acting "under color of state law." *See* 42 U.S.C. § 1983; *Monroe v. Page*, 365 U.S. 167 (1961); *see generally* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1230 (2002). It is well settled that only "persons" may act under color of state law; therefore, a defendant in a § 1983 action must qualify as a "person." For example, several courts have held that inanimate objects such as buildings, facilities, and grounds do not act under color of state law. *See Allison v. California Adult Auth.*, 419 F.2d 822, 823 (9th Cir. 1969)(California Adult Authority and San Quentin Prison not "person[s]" subject to suit under 42 U.S.C. § 1983); *Preval v. Reno*, 57 F. Supp.2d 307, 310 (E.D. Va. 1999)("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983."); *Brooks v. Pembroke City Jail*, 722 F. Supp. 1294, 1301(E.D.N.C. 1989)("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit."). Additionally, use of the term "staff" or the equivalent as a name for alleged defendants, without the naming of specific staff members, is not adequate to state a claim against a "person" as required in § 1983 actions. *Martin v. UConn Health Care*, No. 3:99CV2158 (DJS), 2000 WL 303262, *1 (D. Conn. Feb 09, 2000); *Ferguson v. Morgan*, No. 90 Civ. 6318, 1991 WL 115759 (S.D.N.Y. Jun 20, 1991). Since each of the Defendants Spartanburg Detention Facility; William S. Hall [Hospital], Cooper Parvillion [sic]; William Bryant [Hospital], Columbia Care Center; Kirkland Correctional Institution R/E; Allendale Correctional Institution; and/or Perry Correctional Institution is a building or a group of buildings, none satisfies the "person" requirement under § 1983. Use of the collective terms "Official and Officers that participated in overpunishment" is the equivalent of the use of other collective terms such as "staff," which have been found not to satisfy the "person" requirement for defendants in § 1983 actions. Accordingly, the Complaint should be summarily dismissed as to these Defendants because the allegations fail to state any viable claim for relief against any of them.

Finally, to the extent that Plaintiff alleges that he was "over-punished" when he was classified for

inmate housing purposes by South Carolina Department of Corrections officials: Warden Richard Bazzle and Ms. Ogunsile, the Complaint in this case is subject to summary dismissal for the same reasons that the Complaint filed in Plaintiff's other, currently pending civil action in this Court: *Pearson v. SCDC*, Civil Action No. 4:08-3138-RBH-TER, is subject to summary dismissal. Warden Bazzle is one of the named defendant in that other case, and a Report and Recommendation for summary dismissal was entered in that case on October 9, 2008. In the Report and Recommendation in Civil Action No. 4:08-3138-RBH-TER, Plaintiff was informed of the lack of any viable federal claim based on his inmate classification, and of federal case law so holding. *See, e.g., Olim v. Wakinekona*, 461 U.S. 238 (1983); *Ange v. Paderick*, 521 F.2d 1066 (4th Cir. 1975); *Lyons v. Clark*, 694 F. Supp. 184, 187 (E.D. Va. 1988)(collecting cases). The same lack of constitutional violation resulting from a classification decision requires dismissal of the Complaint filed in this case against both Ms. Ogunsile and Warden Bazzle in this case.

Additionally, to the extent that Warden Bazzle is named as a Defendant in this case, the Complaint in this case should be dismissed as duplicative of Civil Action No. 4:08-3138-RBH-TER. This Court will not entertain two separate, virtually identical claims filed by the same individual (Plaintiff) against the same party: Richard Bazzle, based on the same circumstances (inmate classification). To do so would fly in the face of the important interests of judicial efficiency and economy. As the United States Court of Appeals for the Fifth Circuit commented when faced with similar circumstances:

> The District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time. Once was sufficient.

*Aloe Creme Laboratories, Inc. v. Francine Co.*, 425 F.2d at 1296.

Since Plaintiff is proceeding *in forma pauperis* in this case and fails to allege any viable claim against any of the persons or entities that he formally named as defendants in this case, the entire Complaint should be summarily dismissed. It is well established that federal courts performing their duties of construing *pro se* pleadings are not required to be "mind readers" or "advocates" for state prisoners or *pro*

6

*se* litigants. See *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978); *see also supra* note 1.

### RECOMMENDATION

Accordingly, it is recommended that the District Court dismiss the Complaint in this case *without prejudice* and without issuance and service of process. See *United Mine Workers v. Gibbs,* 383 U.S. 715 (1966); *see also Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972). Plaintiff's attention is directed to the important notice on the next page.

s/Thomas E. Rogers, III<br>
Thomas E. Rogers, III<br>
United States Magistrate Judge

February 13, 2009
Florence, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P.O. Box 2317
Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *U. S. v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).